# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER A. COUGLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5143** |
| **GEORGE H.W. BUSH** | **SECTION "L" (2)** |

### ORDER & REASONS

Plaintiff, Christopher A. Cougle, has filed this lawsuit *pro se* and *in forma pauperis* against former United States President George H.W. Bush. The Court has considered his claims, and finds that the complaint should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for being frivolous and for failing to state a claim upon which relief could be granted.

**I.     LEGAL STANDARD**

"A federal court may dismiss a claim *in forma pauperis* 'if satisfied that the action is frivolous or malicious.' " *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir.1994) (quoting 28 U.S.C. § 1915(d)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce,* 2 F.3d 114, 116 (5th Cir. 1993). "Section 1915(d) 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' " *Macias v. Raul A. (Unknown), Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994), *cert. denied,* 513 U.S. 883 (1994) (quoting *Nietzke v. Williams,* 490 U.S. 319, 327 (1989)). Even

under the broadest reading, Cougle's complaint is frivolous as it clearly lacks an arguable basis in law and fact.

Dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim is analyzed by the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

Pro se pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, pro se litigants must still provide sufficient fact to support their claims; conclusory allegations are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citations omitted).

## II. PLAINTIFF'S CLAIMS

Plaintiff alleges that President H.W. Bush genetically engineered diseases, such as HIV and autism, had various public figures killed, and routinely monitors Plaintiff. In addition, Plaintiff lists various other allegations related to products or services the former President uses, such as the type of cars he owns, the computers and cell phones he uses, and the brand of hotels he stays at. Plaintiff makes numerous allegations regarding President Donald Trump, Fox News, the FBI and the CIA. *See generally* R. Doc. 1.

## III. ANALYSIS

Even interpreting these claims with the liberal construction to which this pro se pleading is entitled, the Court finds that Plaintiff's allegations are not merely unlikely, but are irrational, wholly incredible, fabricated, and at times delusional. *See Haines v. Kerner*, 404 U.S. 519, 520–

21 (1972); *Booker v. Koonce*, 2 F.3d 114, 115–16 (5th Cir. 1993) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Thus, Plaintiff's complaint should be dismissed as frivolous and for failure to state a claim. *Id*.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's complaint be **DISMISSED** as frivolous and failing to state a claim upon which relief could be granted, pursuant to 28 §§ 1915(e)(2)(B) and 1915A(b)(1). Any pending motions shall be **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 25th day of May, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE